```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>[1] PEDRO JOSÉ LUGO,<br><br>**Defendant**. | CRIMINAL NO. 20-456 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Pedro José Lugo's ("Defendant" or "Lugo") *Motion to Dismiss for Lack of Jurisdiction* ("*Motion*" or "*Motion to Dismiss*"). (Docket No. 78). For the reasons set forth below, the Court **DENIES** Defendant's *Motion to Dismiss* his indictment.

### I.   BACKGROUND

On December 22, 2020, a United States Maritime Patrol Aircraft reportedly spotted Lugo's vessel south of the Dominican Republic heading northbound with three individuals, packages, and fuel barrels on deck. (Docket No. 83 at 7-8). A United States Coast Guard vessel allegedly stopped and boarded the boat using "right of visit boarding[.]" Id. at 8. All three people aboard the vessel, including Defendant, were identified as Venezuelan nationals. Id. Defendant, the boat's master, purportedly claimed Venezuelan

nationality for the vessel. Id. As stated, the United States Coast Guard attempted to confirm the boat's registry with the Venezuelan Government, but the Venezuelan Government could not confirm or deny its registry and authorized the U.S. Coast Guard to board it. Id. The vessel was thus treated as one without nationality pursuant to § 70502(d)(1)(C) of the Maritime Drug Law Enforcement Act ("MDLEA").[1] United States authorities allegedly recovered about 504 kilograms of cocaine at sea weight level from the ship. Id. On December 29, 2020, a grand jury indicted Defendant and his two Co-defendants for drug trafficking violations under the MDLEA. Id. at 7.

Reportedly, on April 11, 2022, the U.S. Government again requested that the Venezuelan Government confirm or deny whether the vessel is registered in Venezuela.[2] Id. The Venezuelan Government responded on April 26, 2022 that it waived its primary right to exercise jurisdiction over the vessel and its crew. Id. at 8-9. Secretary of State Antony Blinken issued a jurisdictional certificate on June 29, 2022. (Docket No. 69-1).

On September 26, 2022, Defendant filed the present *Motion to Dismiss*, in which he argues that the United States lacks

---

[1] 46 U.S.C. §§ 70501-08.
[2] The now-vacated First Circuit case United States v. Dávila-Reyes would have struck down § 70502(d)(1)(C) of the MDLEA. That would have meant that if a vessel's master made a claim of registry or nationality, the United States would need to confirm registry or the lack thereof with the claimed country or obtain their consent to exercise U.S. jurisdiction over the vessel. *See* United States v. Dávila-Reyes, 23 F.4th 153, 159 (1st Cir. 2022), reh'g en banc granted, opinion withdrawn, 38 F.4th 288 (1st Cir. 2022).

jurisdiction over his vessel because it is not a "vessel without nationality" as defined by the MDLEA. (Docket No. 78). In the alternative, Defendant argues that the MDLEA's definition for a stateless vessel under § 70502(d)(1)(C) is unconstitutional for a variety of reasons. Id. On October 12, 2022, the Government filed a response in which it countered each of Defendant's allegations and argued that the United States also has jurisdiction over Defendant's vessel pursuant to § 70502(c)(1)(C) of the MDLEA. (Docket No. 83).

## II. LEGAL STANDARD

### A. Motion to Dismiss an Indictment

Pursuant to Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial on the merits." Moreover, it provides that "[a] motion that the court lacks jurisdiction may be raised at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). However, the power to dismiss an indictment pursuant to Fed. R. Crim. P. 12(b) is "reserved for extremely limited circumstances" because it "directly encroaches upon the fundamental role of the grand jury." Whitehouse v. United States District Court, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988)).

A motion to dismiss must attack the facial validity of the indictment and not the government's substantive case. *See* United

States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). When a defendant seeks an indictment's dismissal, "courts take the facts of the indictment as true, mindful that 'the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" Ngige, 780 F.3d at 502 (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)). "In general, an indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against which he must defend and allows him to contest it without fear of double jeopardy." United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012) (citation omitted). The indictment "may use the statutory language to describe the offense, but it must also be accompanied by such statement of facts and circumstances as to inform the accused of the specific offense with which he is charged." Id. (citing United States v. Mojica-Baez, 229 F.3d 292, 309 (1st Cir. 2000)). Most notably, "the government need not put forth specific evidence to survive a motion to dismiss." Ngige, 780 F.3d at 502.

The courts' reticence regarding pretrial motions to dismiss indictments reaches cases where defendants contend subject matter jurisdiction is lacking. *See, e.g.,* United States v. Guerrier, 669 F.3d 1, 4 (1st Cir. 2012) (quoting United States v. Alfonso, 143

F.3d 772, 776-77 (2d Cir. 1998))(alterations in original) ("[U]nless prosecutors have 'made what can fairly be described as a full proffer of the evidence [they] intend[ ] to present on a pretrial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss the indictment.'"). With few exceptions, a district court generally has subject matter jurisdiction over a federal criminal case "if the indictment charges that the defendant committed a crime described in a federal criminal statute." United States v. González-Mercado, 402 F.3d 294, 300-01 (1st Cir. 2005) (quotation omitted).

### B. MDLEA

The MDLEA states that "[w]hile on board a covered vessel, an individual may not knowingly or intentionally . . . manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. § 70503(a)(1). A "covered vessel" includes "a vessel subject to the jurisdiction of the United States[.]" Id. § 70503(e)(1). This definition includes "a vessel without nationality[.]" Id. § 70502(c)(1)(A). The statute lists three types of vessels without nationality:

> (A) a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed;
>
> (B) a vessel aboard which the master or individual in charge fails, on request of an

>officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; and
>
>(C) a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

Id. § 70502(d)(1).

Another type of vessel subject to the jurisdiction of the United States under the MDLEA is "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of the United States law by the United States[.]" Id. § 70502(c)(1)(C). Per the MDLEA, consent or waiver of objection "may be obtained by radio, telephone, or similar oral or electronic means" and "is proved conclusively by certification of the Secretary of State or the Secretary's designee." Id. § 70502(c)(2).

### III. DISCUSSION

In this case, the United States seems to have jurisdiction over Defendant and his vessel pursuant to § 70502(c)(1)(C) of the MDLEA. The Venezuelan Government purportedly waived its primary right to exercise jurisdiction over the vessel and its crew on April 26, 2022. (Docket No. 83 at 8-9). Secretary of State Antony Blinken issued the jurisdictional certificate on June 29, 2022. (Docket No. 69-1).

Defendant contends that § 70502(c)(1)(C) consent jurisdiction is not an appropriate basis for jurisdiction in this case but provides no support for that position. Rather, Defendant merely points to the fact that consent was obtained post-indictment and that the only proof of it is the U.S. Secretary of State's certification. (Docket No. 78 at 10-12). First, as stated above, consent "is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2). Second, "jurisdiction under the MDLEA may be established at **any time prior to trial**[.]" United States v. Mitchell-Hunter, 663 F.3d 45, 50 n.1 (1st Cir. 2011) (citations omitted) (emphasis added) (holding that "there was no error in basing jurisdiction on a certificate that was created after boarding and arrest but prior to trial"); *see also* United States v. Greer, 285 F.3d 158, 175 (2nd Cir. 2002); United States v. Bustos-Useche, 273 F.3d 622, 627-28 (5th Cir. 2001). Accordingly, Defendant's efforts to question U.S. jurisdiction pursuant to § 70502(c)(1)(C) fail.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's *Motion to Dismiss*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
