IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| |
|---|
| United States of America |
| **Plaintiff** |
| v. |
| Pedro Jose Lugo [1] |
| Rafael Sánchez-Salazar [2] |
| Eduardo Miguel Torres [3] |
| **Defendants** |

CRIM. NO. 20-456 (RAM)

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Defendants Pedro Jose Lugo and Eduardo Miguel Torres's *Motion to Dismiss Based on Additional Jurisdictional Arguments* ("*Motion for Reconsideration*") and Defendant Sánchez-Salazar's *Motion to Join Motion to Dismiss at Docket 100* ("*Motion for Joinder*"). (Docket Nos. 100 and 105, respectively). Defendants ask the Court to reconsider its prior Order at Docket No. 84 denying a motion to dismiss the indictment. (Docket No. 84).

I. MOTIONS FOR RECONSIDERATION

As a preliminary matter, the Court notes that "[t]he Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration." United States v. Peña-Fernández, 394 F. Supp. 3d 205, 207 (citation omitted) (D.P.R. 2019). Instead, the

First Circuit applies Fed. R. Civ. P. 59(e) to motions for reconsideration in criminal cases. Id. (citation omitted). Under Fed. R. Civ. P. 59(e), a district court will only alter its original order if a party "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations[.]" Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 55 (1st Cir. 2016) (citation and internal quotation marks omitted). The Court notes that all arguments raised in the *Motion for Reconsideration* were or could have been raised in the first motion to dismiss at Docket No. 78.[1] Thus, the *Motion for Reconsideration* cannot be premised on new evidence or arguments. *See* Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005))).

---

[1] The only recent development in Venezuelan politics that Defendants discuss in their motion is that the Venezuelan National Assembly voted to eliminate the interim government in December 2022. (Docket No. 100 at 6). The rest of the motion characterizes the Guaido Administration as illegitimate from its inception in 2019. Id. at 4-6. Thus, by Defendants' own depiction of Venezuelan politics from 2018 to present, the alleged "final blow" to the Guaido Administration in December 2022 was not the event that delegitimized his government (the grounds upon which Defendants seek this *Motion for Reconsideration*).

## II.   STATE DEPARTMENT CERTIFICATION

The United States has jurisdiction over Defendants pursuant to 46 U.S.C. § 70502(c)(1)(C) because Venezuela has consented to the enforcement of U.S. law by the United States as evidenced by the State Department's certification.[2] (Docket No. 69-1). The MDLEA explicitly states that a foreign nation's consent "is proved conclusively by certification of the Secretary of State or the Secretary's designee." 46 U.S.C. § 70502(c)(2)(B).

Defendants challenge the legitimacy of the certification issued in this case. They primarily argue that Juan Guaido did not have the authority to give consent on Venezuela's behalf because he was not its legitimate president at the time. (Docket No. 100 at 4-6). Defendants also argue that Guaido's Administration could not have possibly checked Venezuela's naval registry. Id. at 8. They take issue with the fact that the United States itself generated this certification, which lacked any supporting documentation. Id. at 3. Finally, they invoke United States v. Klein, 80 U.S. 128 (1871) to make a separation of powers argument against certifications as proof of jurisdiction under the MDLEA. Id. at 9-10.

Defendants' arguments are unavailing. All certifications are by design generated by the United States. Defendants cite not

---

[2] Defendants incorrectly state that this case involves jurisdiction pursuant to 46 U.S.C. § 70502(d)(1)(C), but the applicable MDLEA provision is § 70502(c)(1)(C). See Docket No. 84 Part III.

authority that proscribes what a certification must include or what process foreign nations must undergo to provide consent. In fact, the First Circuit has expressly stated that no such requirements exist under the current statute and that defendants may not question these waivers. *See* United States v. Cardales-Luna, 632 F.3d 731, 737 (1st Cir. 2011) ("a certification is 'conclusive [ ],' and any further question about its legitimacy is 'a question of international law that can be raised only by the foreign nation.'" (citing United States v. Bustos-Useche, 273 F.3d 622, 627 & n.5 (5th Cir. 2001))).

    For this Court to determine that any certifications issued by the Guaido Administration are illegitimate would be a violation of the very separation of powers principles Defendants attempt to invoke. "[M]atters relating to the conduct of foreign relations ... are so exclusively entrusted to the political branches of government as to be largely immune from judicial inquiry or interference." Hernández v. Mesa, 140 S. Ct. 735, 744 (2020) (citation and internal quotation marks omitted). *See also* United States v. Ceballo, 2022 WL 16553204, at *3 (D.P.R. 2022). As Plaintiff notes, a similar challenge to an MDLEA certification based on the issuing foreign power has already been expressly rejected by the First Circuit for this exact reason. *See* United States v. Leuro-Rosas, 952 F.2d 616, 621 (1st Cir. 1991) ("'What government is to be regarded here as representative of a foreign

state is a political rather than a judicial question, and is to be determined by the political department of the government.'" (quoting Guaranty Trust Co. v. United States, 304 U.S. 126, 137 (1938))). Thus, Defendants' challenge to this certification's legitimacy and to the conclusive nature of certifications on separation of powers grounds fails.

Defendants question the constitutionality of the conclusive nature of certifications under the MDLEA in other ways. **First**, Defendants cite United States v. Dávila-Reyes, 23 F. 4th 153 (1st Cir. 2022) in stating that 46 U.S.C. § 70502(d)(1)(C) is unconstitutional. (Docket No. 100 at 2-3). However, the Government has jurisdiction under § 70502(c)(1)(C) in this case, not § 70502(d)(1)(C). Also, Dávila-Reyes was withdrawn on July 5, 2022. *See* United States v. Dávila-Reyes, 38 F.4th 288 (1st Cir. 2022).

**Second**, Defendants argue that the certification violates the Sixth Amendment's Confrontation Clause. (Docket No. 100 at 7). As they themselves note, the First Circuit has already rejected such an argument. *See* United States v. Mitchell-Hunter, 663 F.3d 45, 50-51 (1st Cir. 2011) ("Because the MDLEA's jurisdiction determination is relegated by statute to a pretrial conclusion of law by the judge, and because the confrontation right has never been extended beyond the context of a trial, this argument is without merit."); United States v. Nueci-Pena, 711 F.3d 191, 199 (1st Cir. 2013).

**Third**, Defendants argue that the certification violates their due process rights by creating a presumption which denies them a fair opportunity to rebut it. (Docket No. 100 at 8). "The Due Process Clause of the Fourteenth Amendment requires that the prosecution bear the burden of proving every essential element of a crime beyond a reasonable doubt, and evidentiary presumptions in a jury charge that have the effect of relieving the government of that burden are therefore unconstitutional." Hill v. Maloney, 927 F.2d 646, 648 (1st Cir. 1990) (citing Sandstrom v. Montana, 442 U.S. 510, 524 (1979) and Francis v. Franklin, 471 U.S. 307 (1985)). However, the MDLEA states that jurisdiction "is not an element of an offense" and that it is a "preliminary question[] of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a). *See also* United States v. Vilches-Navarrete, 523 F.3d 1, 12 (1st Cir. 2008). Therefore, to the degree that it may create an evidentiary presumption, it is not violative of Defendants' due process rights.

For the foregoing reasons, Defendants' *Motion for Reconsideration* at Docket Nos. 100 and 105 are **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of June 2023.

                                    S/RAÚL M. ARIAS-MARXUACH
                                    UNITED STATES DISTRICT JUDGE